IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| EVE M. DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:15cv387–HEH |
| ) | |
| WAL-MART STORES ) | |
| EAST, L.P., *et al.* ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION
(Granting Defendant Stephanie C. Fitzgerald's Motion to Dismiss)

This matter arises from the arrest of Plaintiff Eve M. Davis ("Plaintiff" or "Davis") on October 5, 2013 following her attempt to fill a prescription at a Fredericksburg, Virginia Wal-Mart store. Brenda Greer ("Greer"), the Wal-Mart pharmacist assisting Davis, suspected the prescription was fraudulent and contacted law enforcement. Spotsylvania County Sheriff's Deputy James V. Harney, Jr. ("Deputy Harney") responded to the Wal-Mart store and arrested Davis, who was subsequently prosecuted by Assistant Commonwealth's Attorney Stephanie C. Fitzgerald ("Fitzgerald") in Spotsylvania County Circuit Court. The charges were ultimately dismissed. Davis now brings this action against Defendants Wal-Mart Stores East, L.P. ("Wal-Mart"), Greer, Deputy Harney, and Fitzgerald in a fourteen-count Complaint, which includes causes of action under 42 U.S.C. § 1983 for violations of her Fourth Amendment rights and various state law claims.

The matter is presently before the Court on a motion to dismiss filed by Fitzgerald pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, requesting the two causes of action against her—Counts XI and XII, alleging negligence and gross negligence, respectively—be dismissed based on prosecutorial immunity.[1] For the reasons stated herein, the motion will be granted.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted).

A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citation omitted), to one that is "plausible on its face." *Id.* at 570. A complaint achieves facial plausibility when the facts contained therein support a

---

[1] Fitzgerald filed her Motion to Dismiss with a brief in support thereof on July 22, 2015 (ECF Nos. 7, 8). Plaintiff filed a brief in opposition to the motion on August 5, 2015 (ECF No. 16) to which Fitzgerald replied on August 10, 2015 (ECF No. 20). The Motion to Dismiss is now ripe for decision, and the Court dispenses with oral argument, as the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. *See* E.D. Va. Loc. Civ. R. 7(J).

reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This analysis is context-specific and requires "the reviewing court to draw on its judicial experience and common sense." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). In considering such a motion, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to him. *T.G. Slater & Son v. Donald P. & Patricia A. Brennan, LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citation omitted).

It is well-settled that prosecutors, such as Fitzgerald, an Assistant Commonwealth's Attorney for Spotsylvania County, Virginia (Compl. ¶ 9), are granted "absolute immunity from common-law tort actions, [such as], those [involving] a 'decision to initiate a prosecution.'" *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 421 (1976)). Prosecutors enjoy absolute immunity with respect to conduct "'intimately associated with the judicial phase of the criminal process,'" *Van de Kamp*, 555 U.S. at 342–43 (quoting *Imbler*, 424 U.S. at 430), but absolute immunity may not apply when a prosecutor is not acting as an officer of the court, and is engaged in other investigative or administrative tasks. *Van de Kamp*, 555 U.S. at 342 (citation omitted). For instance, absolute immunity does not apply when a prosecutor gives advice to law enforcement during a criminal investigation, when she makes statements to the press, or when she acts as a complaining witness in support of a warrant application. *Van de Kamp*, 555 U.S. at 342 (citations omitted). A prosecutor, however, is entitled to absolute immunity in connection with the preparation and filing of

3

charging documents, *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997), and for participating in a probable cause hearing. *Burns v. Reed*, 500 U.S. 478, 487 (1991).

Plaintiff asserts that Fitzgerald owed Davis a duty of ordinary care, which included "properly investigating [Davis's] alleged crimes and realizing the significance of evidence and testimony that clearly proved her innocence." (Compl. ¶ 80.) Davis faults Fitzgerald for continuing to pursue criminal charges against Davis after Dr. Ahmed, Plaintiff's physician, gave testimony at Davis's preliminary hearing that the prescription she was trying to fill at the time of her arrest was genuine, (*id.* at ¶ 60), despite the fact that Deputy Harney testified at the same hearing "that Ms. Davis had told him that she would sell [her medication] to procure gas money." (*Id.* at ¶ 58.) Essentially, Davis faults Fitzgerald for what she deems an inadequate investigation, and attempts to hold Fitzgerald liable for what she did not do, rather than what she did do. The Spotsylvania County Circuit Court, however, previously provided the only remedy available for any alleged inadequate investigation:[2] granting Davis's Motion to Suppress and dismissing the charges against her. (*Id.* at ¶ 65.) No remedy is available against Fitzgerald, personally, for actions she took in the course of her prosecutorial duties, and Plaintiff has alleged no facts indicating that Fitzgerald took any actions beyond her role as an advocate for which absolute immunity does not attach.

Here, Plaintiff asserts only that "Fitzgerald led the prosecution of Ms. Davis." (Compl. ¶ 56.) She then alleges that Fitzgerald amended the charges against Davis from

---

[2] To be clear, this Court makes no determination regarding the propriety or impropriety of the criminal investigation of Davis. That issue and the relevant facts were determined at the state level, and it is not within the province of this Court to revisit the issue.

prescription fraud to possession with the intent to distribute, (*id.* at ¶ 57), and again amended the charges to add prescription fraud, (*id.* at ¶ 61), filed a "Motion for a Continuance," (*id.* at ¶ 62), filed a pleading entitled "Objection and Brief in Response to Defendant's Motion to Suppress," (*id.* at ¶ 64), and appeared at a probable cause hearing on behalf of the Commonwealth at which Davis prevailed on a "Motion to Suppress," prompting the Commonwealth to drop the charges against her. (*Id.* at ¶ 65.) Each of these actions is "intimately associated with the judicial phase of the criminal process" such that Fitzgerald is protected by absolute prosecutorial immunity, and cannot be liable for the negligence claims Davis has filed against her. *See Van de Kamp*, 555 U.S. at 342–43 (quotation marks and citation omitted).

Accordingly, Fitzgerald's Motion to Dismiss will be granted. Counts XI and XII of Plaintiff's Complaint will be dismissed, and Fitzgerald will be dismissed as a defendant in the above-captioned matter.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Aug. 31, 2015
Richmond, Virginia